IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NETSOC, LLC, § § § *Plaintiff*, § § Case No. 1:18-CV-10262-RA v. § § **JURY TRIAL DEMANDED** CHEGG, INC., § § *Defendant*. § | |

**JOINT LETTER FOR INITIAL STATUS CONFERENCE**

Plaintiff NetSoc, LLC ("NetSoc") and Defendant Chegg, Inc. ("Chegg") jointly file this letter in advance of the initial status conference on March 1, 2019, addressing the issues requested by the Court:

**1.    A brief description of the nature of the action and the principal defenses thereto;**

This is a civil action brought by NetSoc against Chegg for its alleged infringement of U.S. Patent No. 9,978,107 (the "'107 Patent"), titled "Method and system for establishing and using a social network to facilitate people in life issues," which was issued by the U.S. Patent and Trademark Office on May 22, 2018.

    **a.    Plaintiff's Statement:**

Chegg maintains, operates, and administers a website at www.chegg.com that infringes one or more claims of the '107 Patent, including at least claims 1-11, literally or under the doctrine of equivalents, directly and by inducing others to infringe.  Defendant put the inventions claimed by the '107 Patent into service (i.e., used them); but for Defendant's actions, the claimed-inventions embodiments involving Defendant's products and services would never have been put into service.  Defendant's acts complained of herein caused those claimed-invention embodiments as a whole to perform, and Defendant's procurement of monetary and commercial benefit from it.

Plaintiff contends that Chegg provides a computer system that is, one or more servers or databases to provide Chegg Tutors service.



b.  **Defendant's Statement:**

NetSoc's allegations that Chegg infringes the '107 Patent lack merit and fail to meet relevant pleading standards.  The claims of the '107 Patent are invalid and unenforceable at least because they are directed to patent ineligible subject matter under 35 U.S.C. § 101.  Also, the claims of the '107 Patent are invalid under 35 U.S.C. §§ 102 and/or 103 as being anticipated and/or rendered obvious by various prior art references, as well as invalid under U.S.C. § 112 for, among other things, failing to comply with the written description requirement.

Further, the accused product (i.e., Chegg Tutors) does not infringe the '107 Patent, either directly, indirectly, or under the doctrine of equivalents because it lacks key limitations of the claims of the '107 Patent, including the requirement to "updat[e] the rating associated with each of the one or more participants based at least in part on the tracked response time."  Because Chegg does not infringe any valid claim of the '107 Patent, NetSoc is not entitled to any of the relief sought in its Complaint.

**2.   A brief explanation of why jurisdiction and venue lie in this Court.  If any party is a corporation, the letter shall state both the place of incorporation and the principal place of business.  If any party is a partnership, limited partnership, limited liability company or trust, the letter shall state the citizenship of each of the entity's members, shareholders, partners and/or trustees;**

This Court has original subject-matter jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1338(a), because NetSoc's claim arises under an Act of Congress relating to patents, namely, 35 U.S.C. § 271.

   **a.   Plaintiff's Statement:**

This Court has original subject-matter jurisdiction over the entire action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because Plaintiff's claim arises under an Act of Congress relating to patents, namely, 35 U.S.C. § 271.

This Court also has original subject-matter jurisdiction over the entire action pursuant to 28 U.S.C. § 1332(a)(1) because Plaintiff is a limited liability company organized under the laws of the State of Texas and Defendant is a Delaware Corporation with a physical place of business located in New York, New York.  The matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

This Court has personal jurisdiction over Defendant because: (i) Defendant is present within or has minimum contacts within the State of New York and this judicial district; (ii) Defendant has purposefully availed itself of the privileges of conducting business in the State of New York and in this judicial district; and (iii) Plaintiff's cause of action arises directly from Defendant's business contacts and other activities in the State of New York and in this judicial district.

Venue is proper in this district under 28 U.S.C. §§ 1391(b) and 1400(b). Defendant has committed acts of infringement and has a regular and established place of business in this District.[1] Further, venue is proper because Defendant conducts substantial business in this forum, directly or through intermediaries, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct and/or deriving substantial revenue from goods and services provided to individuals in New York and this District.

### b. Defendant's Statement:

Chegg does not concede that venue is proper in this District. Chegg is a Delaware corporation with its headquarters and principal place of business at 3990 Freedom Circle, Santa Clara, California 95054.

### 3. A brief description of all contemplated and/or outstanding motions;

### a. Plaintiff's Statement:

Plaintiff has no outstanding motions.

### b. Defendant's Statement:

Chegg filed a Fed. R. Civ. P. 12(b)(6) Motion to Dismiss on February 19, 2019. NetSoc's Complaint should be dismissed pursuant to Rule 12(b)(6) because the '107 Patent fails to claim patent-eligible subject matter under 35 U.S.C. § 101. The claims of the '107 Patent do little more than combine a series of well-known steps—implemented on a general purpose computer using well-understood and routine functions—to collect, analyze, and display data.

---

[1] Chegg, Inc. advertises for employees within zip code 10016 and maintains on its website and in its SEC filings at chegg.com that it has an office in New York, New York.

Further, NetSoc's Complaint should be dismissed pursuant to Rule 12(b)(6) because its allegations of indirect, contributory, and willful infringement are deficient under applicable case law. The law requires NetSoc to address each element of those causes of action and plead sufficient facts to show a plausible claim for relief. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). However, NetSoc's Complaint fails to (1) plead sufficient facts showing that Chegg had or has the requisite intent to induce infringement; (2) plead any facts that demonstrate Chegg contributorily infringes; or (3) plead any facts showing that Chegg is liable for willful infringement.

**4.    A brief description of any discovery that has already taken place, and/or that which will be necessary for the parties to engage in meaningful settlement negotiations;**

No discovery has taken place in this matter. The Parties anticipate taking fact discovery related to the Accused Product, the development and prosecution of the '107 Patent, infringement issues and validity issues relating to the '107 Patent, and potential damages in accordance with the Federal Rules of Civil Procedure and the Court's Local Rules including:  (1) requests for production of documents and things; (2) interrogatories, including contention interrogatories; (3) requests for admission, including requests directed to authentication of documents; and (4) depositions including depositions pursuant to Fed. R. Civ. P. 30(b)(1) and 30(b)(6).  Third party discovery may also be required.

The Parties also anticipate that testimony from technical and economic damages experts will be necessary. The Parties anticipate taking expert discovery pursuant to Fed. R. Civ. P. 26. The Parties expect to produce confidential technical and financial information in these cases. Hence, the Parties agree that a Protective Order is necessary.

The Parties will conduct discovery under the Court's Scheduling Order. The Parties anticipate that discovery will be needed on at least infringement and damages, as well as Chegg's

defenses. Discovery will also be needed on Chegg's expected-to-be-filed declaratory judgment counterclaim of invalidity.

5.  **A brief description of prior settlement discussions (without disclosing the parties' offers or settlement positions) and the prospect of settlement;**

    Plaintiff has made an offer but no response has been received.

6.  **The estimated length of trial; and**

    The Parties estimate that this case may be tried in a seven (7) day jury trial.

7.  **Any other information that the parties believe may assist the Court in advancing the case to settlement or trial, including, but not limited to, a description of any dispositive issue or novel issue raised by the case.**

    NetSoc alleges infringement of the '107 Patent and/or a related patent against three (3) other defendants in this District, including LinkedIn Corporation (1:18-cv-12215), Quora, Inc. (1:18-cv-12250), and Yahoo! Inc. (1:18-cv-12267). NetSoc also alleges infringement of the '107 Patent and/or a related patent against other defendants in the Northern District of Texas and the Eastern District of Texas.

    There is a pending Rule 12(b)(6) motion to dismiss regarding the '107 Patent's failure to claim patent-eligible subject matter under 35 U.S.C. § 101 and NetSoc's failure to sufficiently plead allegations of indirect and willful infringement. *See NetSoc, LLC v. Match Group, LLC et al.*, 3:18-cv-01809 (N.D. Tex.). The outcome of that motion may affect this action.

- 7 -

Date: February 22, 2019

Respectfully submitted,

**NORTON ROSE FULBRIGHT US LLP**

By  */s/Robert Greeson*
    Robert Greeson

Robert Greeson
(Texas Bar No. 24045979) (*pro hac vice*)
*Lead Attorney*
robert.greeson@nortonrosefulbright.com
2200 Ross Avenue, Suite 3600
Dallas, Texas 75201
Tel: (214) 855-7430
Fax:    (214) 855-8200

Erik Janitens
(Texas Bar No. 24097878) (*pro hac vice*)
erik.janitens@nortonrosefulbright.com
1301 McKinney Street, Suite 5100
Houston, Texas 77010
Tel:    (713) 651-3629
Fax: (713) 651-5246

**Attorneys for Defendant Chegg, Inc.**

**Ramey & Schwaller, LLP**

_____
William P. Ramey, III
Texas Bar No. 24027643
5020 Montrose Blvd., Suite 750
Houston, Texas 77006
Telephone: (713) 426-3923
Facsimile: (832) 900-4941
wramey@rameyfirm.com

**Attorneys for NetSoc, LLC**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 22, 2019, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system. Any other counsel of record will be served in accordance with the Federal Rules of Civil Procedure.

    */s/   /Robert Greeson/*
        Robert Greeson