USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 10/2/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NETSOC, LLC,<br><br>    Plaintiff,<br><br>  v.<br><br>CHEGG INC.,<br><br>    Defendant. | MEMORANDUM OPINION & ORDER<br><br>No. 18-CV-10262 (RA) |
| NETSOC, LLC,<br><br>    Plaintiff,<br><br>  v.<br><br>LINKEDIN CORP.,<br><br>    Defendant. | No. 18-CV-12215 (RA) |
| NETSOC, LLC,<br><br>    Plaintiff,<br><br>  v.<br><br>QUORA INC.,<br><br>    Defendant. | No. 18-CV-12250 (RA) |
| NETSOC, LLC,<br><br>    Plaintiff,<br><br>  v.<br><br>OATH INC.,<br><br>    Defendant. | No. 18-CV-12267 (RA) |

RONNIE ABRAMS, United States District Judge:

Plaintiff Netsoc, LLC brings claims for patent infringement against Defendants Chegg Inc., LinkedIn Corp., Quora Inc., and Oath Inc., in four separate sections that were consolidated through claim construction on March 25, 2019. *See* 18-cv-10262 (RA), Dkt. 24. Defendant Quora moves to dismiss the action as against it for improper venue, pursuant to Fed. R. Civ. P. 12(b)(3), or, in the alternative to transfer venue, pursuant to 28 U.S.C. §§ 1404(a) or 1406(a). For the following reasons, NetSoc's case against Quora will be transferred to the Northern District of California.

## BACKGROUND

Unless otherwise noted, the facts in this section are drawn from NetSoc's First Amended Complaint ("Compl.") and are accepted as true for the purposes of this motion. *See Peerless Network, Inc. v. Blitz Telecom Consulting, LLC*, No. 17-CV-1725 (JPO), 2018 WL 1478047, at *2 (S.D.N.Y. Mar. 26, 2018). The Court also considers "evidence outside of the pleadings," including affidavits, but the facts are nonetheless construed in the light most favorable to Plaintiff. *Id.*

### I. Procedural History

NetSoc filed a Complaint against Quora on December 27, 2018, asserting that Quora's website infringes U.S. Patent No. 9,978,107 (the "'107 patent"), which NetSoc owns by assignment. On March 25, 2019, when the case was consolidated with the three other above-captioned actions, Quora filed the instant motion as well as a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

On July 9, 2019, NetSoc filed an Amended Complaint against Quora asserting, in place of the '107 patent, a related patent, U.S. Patent No. 9,218,591 (the "'591 patent"). NetSoc subsequently agreed to withdraw its claims against Quora with respect to the '107 patent with prejudice, rendering Quora's Rule 12(b)(6) motion moot. *See* Pl's July 23, 2019 Ltr. (Dkt. 56).

2

Quora then requested that the Court still consider its pending motion to dismiss for improper venue, as applied against the Amended Complaint, which the Court does so here. *See* Quora's July 26, 2019 Ltr. (Dkt. 57); August 20, 2019 Joint Status Ltr. at 8 (Dkt. 58).

**II. The Parties**

NetSoc is a Texas Limited Liability Company with its principle place of business in Harris County, Texas. Compl. ¶ 1 (Dkt. 49). Quora is a domestic corporation organized under the laws of Delaware. NetSoc alleges, on information and belief, that Quora's principle place of business is in New York. *Id.* ¶ 2. Quora, however, asserts that its principle place of business is in Mountain View, California. Kolovson Decl. ¶ 2 (Dkt. 19).

According to NetSoc, Quora sells products and performs services throughout New York that infringe various claims of the '591 patent, including through its operation of the website, www.quora.com. Quora maintains by way of declaration that it does not own property in New York City, nor does it hold itself out as doing business from any employee's residence in New York City. Quora further attests that its primary operations are run out of its Mountain View offices, in which the employees with knowledge of the engineering and functionality of its website are located.

Quora states that, on June 18, 2018, it hired a salesperson who worked remotely from his home in New York when not at Quora's Mountain View headquarters, where he was trained. This employee purportedly paid for his own living expenses.

After this action was commenced, Quora entered into an agreement with the real estate company, WeWork, to have access to a shared work space in New York City. On January 15, 2019, Quora states that its advertising team hired three employees that primarily work out of that work space when not in Mountain View.

## LEGAL STANDARD

In a patent infringement action, venue is exclusively governed by the patent venue statute, 28 U.S.C. § 1400(b), which is interpreted in accordance with Federal Circuit law. *See TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514, 1516 (2017); *In re ZTE (USA) Inc.*, 890 F.3d 1008, 1113 (Fed. Cir. 2018). "[U]pon motion by the Defendant challenging venue in a patent case, the [p]laintiff bears the burden of establishing proper venue." *In re ZTA (USA) Inc.*, 890 F.3d at 1010.

Pursuant to 28 U.S.C. § 1400(b), "[a]ny civil action for patent infringement may be brought in the judicial district [i] where the defendant resides, or [ii] where the defendant has committed acts of infringement and has a regular and established place of business." In applying the patent venue statute, the Court is mindful that it "should not be liberally construed in favor of venue." *In re ZTE (USA) Inc.*, 890 F.3d at 1014; *see also Peerless Network, Inc.*, 2018 WL 1478047, at *2 (recognizing that "patent venue is narrower than general venue").

## DISCUSSION

The parties do not dispute that (1) a corporate defendant resides, for the purposes of § 1400(b), in its State of incorporation, *TC Heartland LLC*, 137 S. Ct. at 1156; and (2) Quora is incorporated in Delaware. Accordingly, venue in this district is not proper under the first prong of § 1400(b). Quora also does not appear to contest, for purposes of this motion, Plaintiff's allegations that Quora has infringed the '591 patent in this district. The principle issue to be decided, then, is whether NetSoc has met its burden of demonstrating that Quora has a "regular and established place of business" in this district. The Court concludes that NetSoc has not.

## I. Timing of Venue Analysis

As an initial matter, Quora is correct that venue is to be analyzed based on the facts existing at the time this action was commenced. Although the cases Quora cites in support of this proposition dealt with venue under the general venue statute, 28 U.S.C. § 1391, the Court will apply the same principles with respect to the patent venue statute.

The Court has not identified any Federal Circuit decision addressing the point in time in which venue is to be analyzed under § 1400(b). But other courts have persuasively concluded that venue under § 1400(b) should be analyzed, as under 28 U.S.C. § 1391, at the time the case is brought. In *Int'l Techs. & Sys. Corp. v. Samsung Elecs. Co. Ltd.*, for example, the court rejected the argument that venue became proper in the Central District of California under § 1400(b) upon the defendant's merger there with another company, because the merger had occurred after the complaint was filed. No. SA CV 17-1748-DOC (JDEx), 2018 WL 4963129, at *6 (C.D. Cal. June 22, 2018). The court reasoned that, because § 1400(b) refers to where a civil action "may be *brought*," venue should be assessed based on the facts existing at the time the plaintiff commences the action. This Court agrees. As another court has noted, "bringing" a civil action refers to the act of filing a complaint, and analyzing venue at that time comports with the Federal Circuit's reminder that venue determinations "must be closely tied to the language of the statue." *In re Cray Inc.*, 871 F.3d 1355, 1360 (Fed. Cir. 2017); *Pers. Audio, LLC v. Google, Inc.*, 280 F. Supp. 3d 922, 930 (E.D. Tex. 2017). Whether Quora has a "regular and established place of business" in this district will therefore be assessed as of December 12, 2018, when NetSoc brought its case against Quora.[1]

---

[1] Quora also quotes from *Keitt v. New York City*, in which that court stated that "venue is determined based upon the parties and allegations at the time the *operative* complaint is filed, not subsequent events." 882 F. Supp. 2d 412, 459 n. 44 (S.D.N.Y. 2011) (emphasis added). Here, the operative complaint is NetSoc's Amended Complaint, filed on July 9, 2019. Under *Keitt*, then, the facts concerning Quora's January 15, 2019 rental of a WeWork space in

## A. Regular and Established Place of Business

The following test set forth by the Federal Circuit in *In re Cray, Inc.*, governs whether venue is proper under the "regular and established place of business" prong of § 1400(b): "(1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant." 871 F.3d at 1360. To satisfy the "physical place" requirement, there must be "a physical, geographical location in the district from which the business of the defendant is carried out." *Id.* at 1362. To be "regular and established," the place of business must "operate[] in a steady, uniform, orderly, and methodical manner," and it must be "settled certainly, or fixed permanently." *Id.* And for the place of business to be deemed that "of the defendant" the defendant "must establish or ratify the place of business." *Id.* at 1363. In other words, the place of business cannot be "solely a place of the defendant's employee." *Id.*

To determine whether a defendant has established or ratified a place of business, courts consider various factors such as: "(1) whether the defendant owns, leases, or otherwise exercises control over the premises; (2) whether the defendant conditioned employment on an employee's continued residence in the district; (3) whether the defendant stored inventory there to be sold or distributed from that place; (4) whether the defendant made outward representations that the physical location was its place of business; and (5) how the alleged place of business in the district compares to other places of business of the defendant in other venues." *Zaxcom, Inc. v. Lectrosonics, Inc.*, No. 17-CV-3408 (NGG) (SJB), 2019 WL 418860, at *5 (E.D.N.Y. Feb. 1, 2019) (citing *Cray*, 871 F.3d at 1363–1364).

---

New York should be considered when determining whether Quora has a regular and established place of business in this district. The majority of federal courts, however, have analyzed venue based on the time the action was brought— i.e., the date the original, not the operative, complaint was filed. *See, e.g., Bell v. Classic Auto Grp., Inc.*, No. 04 Civ. 0693(PKC), 2005 WL 659196, at *5 (S.D.N.Y. Mar. 21, 2005); *Greene v. Sha-Na-Na*, 637 F. Supp. 591, 600 (D. Conn. 1996) (citing cases). Because that view is more consistent with the language of § 1400(b)—and helps further the goal of preventing parties from manufacturing venue—the Court considers Quora's motion based on the facts existing at the time NetSoc commenced the action, and not when the Amended Complaint was filed.

Here, NetSoc fails to meet its burden of establishing that the *Cray* requirements have been satisfied. NetSoc contends that Quora has maintained a physical address in New York prior to this action based on business records obtained online from the research company, LexisNexis. The records attached to NetSoc's opposition, however, merely identify unnamed "Business Registration Officers," that purportedly hold a position entitled "CONTA," located at a New York address. But Quora claims that it has no offices at the address, and the remainder of the records do not directly link the address, nor any other New York address, to Quora. Thus, even to the extent the New York address could constitute a physical place of business, NetSoc has alleged no facts to rebut Quora's assertion that it does not conduct business there. The New York address, therefore, does not establish venue. Similarly, the fact that Quora has a registered agent for service of process located in New York "has no bearing" on whether Quora maintains a physical place in the district upon which venue could be predicated. *Symbology Innovations, LLC v. Lego Sys., Inc.*, 282 F. Supp. 3d 916, 930 (E.D. Va. 2017); *see also Cray*, 871 F.3d at 1362-63.

The Court further rejects NetSoc's suggestion that the home of the single Quora employee who worked from there, at the time this suit was filed, constitutes a place of business belonging to Quora. Netsoc does not allege any facts to rebut Quora's assertions that the employee paid for his own living expenses or that it does not hold itself out as doing business from any employee's New York residence. Nor does NetSoc allege any basis to infer that the employee's employment was conditioned on him working in New York, or that he was selling Quora's products from his home. Moreover, it is not even clear whether the home of this employee is located in this judicial district as opposed to one in, say, Brooklyn or Queens. NetSoc has thus failed to demonstrate that the employee's home constitutes Quora's place of business, as *Cray* requires. *See Cray*, 871 F.3d at 1365 (finding an employee's home office was not the defendant's place of business because the

defendant did not appear to "own[], lease[], or rent[] any portion" of the home, the employee's employment was not conditioned on his continued residence in the district, and plaintiff pointed to no evidence that defendant held out the employee's home as its business); *Zaxcom, Inc. v. Lectrosonics, Inc.*, No. 17-CV-3408 (NGG) (SJB), 2019 WL 418860, at *5–6 (E.D.N.Y. Feb. 1, 2019) (same, even where some of the defendant's inventory was stored in the employee's home).

Finally, NetSoc's reference in the Complaint to Quora's website cannot constitute a basis for finding venue. *Cray* made clear that the physical place requirement must not "be read to refer merely to a virtual space or to electronic communications from one person to another." 871 F.3d at 1362. NetSoc has, accordingly, failed to establish that venue is proper in this district.

## II. Venue-Related Discovery

In opposing Quora's motion, NetSoc requests that it be permitted to conduct venue discovery. That request is denied.

The parties do not address which circuit's law applies when considering a request for venue discovery. The Court, however, has not been able to identify any Federal Circuit case, nor any Second Circuit case, that articulates a standard for venue-related discovery. Other district courts have, by comparison, applied regional circuit law concerning venue discovery in patent cases (to the extent any exists) and failing that, the regional circuit's law on jurisdictional discovery. *See, e.g., Novartis Pharms. Corp. v. Accord Healthcare Inc.*, No. 18-1043-LPS, 2019 WL 2502535, at *3–5 (D. Del. June 17, 2019). Following that approach here, the Court will apply Second Circuit law concerning jurisdictional discovery to NetSoc's request for venue discovery.[2]

---

[2] The Federal Circuit has also suggested that regional circuit law applies when determining whether a plaintiff has "made a sufficient threshold showing to merit jurisdictional discovery." *Commissariat A L'Energie Atomique v. Chi Mei Optoelectronics Corp.*, 395 F.3d 1315, 1323 (Fed. Cir. 2005) (citing Third Circuit law in support of its finding that plaintiff had made a sufficient showing to warrant jurisdictional discovery, while noting that Federal Circuit law governs "the relevance" of such a request); *see also Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*, 566 F.3d 1012, 1023 n.2 (Fed. Cir. 2009) (applying regional circuit law as to whether the district court erred in denying jurisdictional

8

Although "[t]he standard for awarding jurisdictional discovery is low," *Universal Trading & Inv. Co. v. Credit Suisse (Guernsey) Ltd.*, 560 F. App'x 52, 55–56 (2d Cir. 2014), a court may deny such discovery where a plaintiff "do[es] not establish a prima facie case that the district court has jurisdiction over the defendant." *Chirag v. MT Marida Marguerite Schiffahrts*, 604 F. App'x 16, 18–19 (2d Cir. 2015). "A prima facie case requires non-conclusory fact-specific allegations or evidence showing that activity that constitutes the basis of jurisdiction has taken place." *Id.* Although a court may still permit jurisdictional discovery where a plaintiff has not made a *prima facie* showing of jurisdiction, it need "not draw 'argumentative inferences' in favor of a plaintiff who has failed to allege even bare facts" establishing that jurisdiction is proper. *Smit v. Isiklar Holding A.S.*, 354 F. Supp. 2d 260, 263–64 (S.D.N.Y. 2005) (citing *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 507 (2d Cir.1994).

Applying that standard in the context of the venue discovery sought in this case, NetSoc has failed to allege fact-specific allegations or evidence that could support a finding that venue is proper over Quora. NetSoc also fails to make any showing that the discovery it seeks is "likely to uncover additional facts" that could support a finding that the home of the single sales employee constituted a place of business of Quora, or that it was "regular and established." *Cf. Smit v. Isiklar Holding A.S.*, 354 F. Supp. at 263–64 (noting, in the context of jurisdictional discovery, that "[t]he pleadings must indicate . . . that limited discovery is likely to uncover additional facts supporting jurisdiction").

Indeed, NetSoc does not allege any basis to infer that Quora may have stored inventory at the employee's home; that Quora conditioned his residence in New York; that it prevented him from leaving New York on his own volition; or that it required him to work from his home in New

---

discovery where the plaintiff "provided . . . no reasons for its request or particular areas to which discovery would be directed").

York. NetSoc also does not point to any marketing or advertising suggesting that Quora held out the employee's home as part of its business, or that the employee actually engaged in business from his home. Instead, NetSoc submits a list of factors that the Federal Circuit has considered in various cases as relevant to analyzing venue, and summarily asserts that it should therefore be entitled to discovery to determine whether those factors are present here. But NetSoc cannot be entitled to venue discovery based on pure speculation. Even in a case where a plaintiff has set forth facts demonstrating that a single at-home sales employee has conducted sales in the district—which NetSoc has not—a court has still denied venue discovery under the Third Circuit's seemingly more liberal standard. *See Novartis Pharms. Corp.*, 2019 WL 2502535, at *3 (rejecting the plaintiff's contention that venue under § 1400(b) may turn out to be proper "based on the existence of a single . . . employee" of defendant who lived and worked in the district, and denying venue discovery under the Third Circuit's standard which permits jurisdictional discovery "unless a plaintiff's claim is clearly frivolous"). To permit NetSoc to obtain such venue discovery in this case would effectively authorize it to engage in "an unfounded fishing expedition." *RSM Prod. Corp. v. Fridman*, 643 F. Supp. 2d 382, 402 (S.D.N.Y. 2009) (denying jurisdictional discovery based on plaintiff's "expectation" that it would uncover additional facts supporting jurisdiction), *aff'd*, 387 Fed. App'x 72 (2d Cir. 2010). NetSoc's request for venue discovery is, therefore, denied.

### III. Transfer

Pursuant to 28 U.S.C. §1406(a), where, as here, venue is improper, the court must decide whether to dismiss the action, or, if it is in the interest of justice, to transfer the action to a venue "in which it could have been brought." This decision "lies within the sound discretion of the district court." *Blakely v. Lew*, 607 Fed. App'x 15, 18 (2d Cir. 2015). Dismissal, as opposed to transfer, is

advisable when the case is a "sure loser." *Gonzalez v. Hasty*, 651 F.3d 318, 324 (2d Cir. 2011). While the Court is skeptical about Plaintiff's likelihood of success—particularly in light of the decision from the Northern District of Texas invalidating the related '107 patent, *see NetSoc, LLC v. Match Grp., LLC*, No. 3:18-CV-01809-N, 2019 WL 3304704 (N.D. Tex. July 22, 2019)—the Court is not now in a position to conclude that Plaintiff's infringement claim is "clearly doomed," such that dismissal is warranted. *Daniel v. Am. Bd. of Emergency Bd.*, 428 F.3d 408, 436 (2d Cir. 2005). As the parties do not dispute that this case could have been brought in the Northern District of California, and NetSoc has not established that it would be prejudiced by a transfer there, Quora's request that the case be transferred to that district is GRANTED.

## CONCLUSION

For the foregoing reasons, Quora's motion to transfer NetSoc's case against it, pursuant to 28 U.S.C. § 1406, is GRANTED. The Clerk of Court is directed to transfer Case No. 18-CV-12250 to the Northern District of California, and to remove that case from this consolidated action.

SO ORDERED.

Dated:   October 2, 2019
         New York, New York

Ronnie Abrams
United States District Judge