USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 1/13/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

NETSOC, LLC,

    Plaintiff,

v.

CHEGG INC.,

    Defendant.

---

NETSOC, LLC,

    Plaintiff,

v.

LINKEDIN CORP.,

    Defendant.

---

NETSOC, LLC,

    Plaintiff,

v.

OATH INC.,

    Defendant.

---

MEMORANDUM OPINION & ORDER

No. 18-CV-10262 (RA)

No. 18-CV-12215 (RA)

No. 18-CV-12267 (RA)

RONNIE ABRAMS, United States District Judge:

    On November 5, 2018, Plaintiff NetSoc, LLC brought this patent infringement action against Defendant Chegg Inc. Plaintiff owns U.S. Patent 9,978,107 (the "'107 Patent"), described generally as "a method and system for establishing and using a social network to

facilitate people in life issues," by assignment. Dkt. 1, Compl. ¶ 8.[1] It asserts that "Chegg maintains, operates, and administers a website at www.chegg.com that infringes one or more claims of the '107 patent." *Id.* ¶ 9. On February 19, 2019, Chegg filed a motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), based on several grounds, including that "the asserted patent . . . fails to claim patent-eligible subject matter under 35 U.S.C. § 101." Dkt. 25. On September 10, 2019, following a decision in the Northern District of Texas finding the '107 Patent invalid under 35 U.S.C. § 101, Chegg filed a supplemental brief arguing that Plaintiff is collaterally estopped from pursuing its patent infringement claims against Chegg. *See* Dkt. 88. Plaintiff acknowledges as much and the Court agrees. Plaintiff's claims against Chegg must thus be dismissed.

"Issue preclusion," or collateral estoppel, "prohibits a party from seeking another determination of the litigated issue in [a] subsequent action." *Soverain Software LLC v. Victoria's Secret Direct Brand Mgmt., LLC*, 778 F.3d 1311, 1315 (Fed. Cir. 2015). "The purpose of the doctrine is to relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication." *Medinol Ltd. v. Guidant Corp.*, 341 F. Supp. 2d 301, 314 (S.D.N.Y. 2004) (citation omitted). "Four elements must be met for collateral estoppel to apply: (1) the issues of both proceedings must be identical, (2) the relevant issues were actually litigated and decided in the prior proceeding, (3) there must have been 'full and fair opportunity' for the litigation of the issues in the prior proceeding, and (4) the issues were necessary to support a valid and final judgment on the merits." *Cent. Hudson Gas & Elec. Corp. v. Empresa Naviera Santa S.A.*, 56 F.3d 359, 368 (2d Cir. 1995).

---

[1] Throughout the opinion, the Court cites submissions filed on the docket in *NetSoc, LLC v. Chegg Inc.*, No. 18-CV-10262.

2

In patent cases, "[i]t is well established that 'once the claims of a patent are held invalid in a suit involving one alleged infringer, an unrelated party who is sued for infringement of those claims may reap the benefit of the invalidity decision under the principles of collateral estoppel.'" *Purdue Pharma L.P. v. Teva Pharm. USA, Inc.*, Nos. 01-CV-8507 (SHS), 01-CV-11212 (SHS), 03-CV-2312 (SHS), 2004 WL 1444883, at *2 (S.D.N.Y. June 28, 2004) (quoting *Pharmacia & Upjohn Co. v. Mylan Pharm., Inc.*, 170 F.3d 1373, 1379 (Fed. Cir. 1999)). "[T]he Federal Circuit has 'established that issue preclusion applies even though the precluding judgment . . . comes into existence' after the initiation of 'the case as to which preclusion is sought." *Control v. Dig. Playground, Inc.*, Nos. 12-CV-6781 (RJS), 12-CV-7734 (RJS), 2016 WL 5793745, at *4 (S.D.N.Y. Sept. 30, 2016) (quoting *Soverain Software LLC*, 778 F.3d at 1315)).

This action against Chegg was just one of several filed by Plaintiff – both in and outside of this district – in 2018. In addition to this case, which was consolidated with three others filed in this district, *see* Dkt. 35, Plaintiff brought claims against Match Group, LLC in the Northern District of Texas. Like its allegations against Chegg, Plaintiff asserted that Match Group, LLC had infringed on the '107 Patent "by operating several different online platforms, including Tinder and OkCupid." *NetSoc, LLC v. Match Grp., LLC*, No. 18-CV-1809, 2019 WL 3304704, at *1 (N.D. Tex. July 22, 2019). On July 22, 2019, the United States District Court of the Northern District of Texas concluded that "Plaintiff NetSoc, LLC's . . . patent claims are directed to only ineligible subject matter under 35 U.S.C. § 101." *Id.* It thus dismissed Plaintiff's claims with prejudice, explaining that Plaintiff's "claims are directed to only patent ineligible abstract ideas, and fail to articulate an inventive concept that transforms those ideas into patent eligible subject matter." *Id.* at *3 (holding that Plaintiff's claims fail the two-step test articulated in *Alice*

*Corp. Pty. Ltd. v. CLS Bank International*, 573 U.S. 208 (2014), used to determine patent eligibility under 35 U.S.C. § 101). After this decision, the Court requested supplemental briefing as to "whether Plaintiff's claims against [Chegg] are barred by collateral estoppel" in this action. Dkt. 74.

As an initial matter, Plaintiff does not dispute that its claims against Chegg are now collaterally estopped. *See* Dkt. 94 ("Plaintiff agrees that collateral estoppel applies to assertions of infringement of the '107 patent[.]"); Dkt. 104 ("A finding of collateral estoppel in light of the Texas Decision is appropriate regardless of Plaintiff's pending appeal.").[2]

Nonetheless, the Court must itself review the matter and decide whether the doctrine's requisite elements are met. *See Cent. Hudson Gas & Elec. Corp.*, 56 F.3d at 368. Here, all four criteria for collateral estoppel are clearly satisfied. This action and the one brought in the Northern District of Texas involve the same plaintiff, alleging infringement of the same '107 Patent. In both cases, the defendants challenged the validity of the '107 Patent under 35 U.S.C. § 101, arguing that the claims were directed to patent ineligible abstract ideas and lacked an "inventive concept" that could otherwise transform the claims into patent eligible subject matter. *See* Dkt. 25, at 11-14; *Match Grp., LLC.*, 2019 WL 3304704, at *3. The Northern District of Texas clearly resolved this issue with the benefit of full briefing and a hearing on this matter. Notably, Plaintiff was represented by the same counsel in those proceedings as it is here. Accordingly, there is no doubt that the issue was fully litigated before the Northern District of

---

[2] Although it agreed that collateral estoppel applies, Plaintiff initially asked "the Court [to] delay deciding if collateral estoppel applies to the claims of the '107 patent until at least after the decision on the motion for a New Trial pending in the Northern District of Texas[.]" Dkt. 94. Since filing that brief on September 16, 2019, however, the Northern District of Texas denied Plaintiff's motion for a new trial. *See* Dkt. 102. The fact that the case is now on appeal to the Federal Circuit does not alter the collateral estoppel analysis. *See Pharmacia & Upjohn Co.*, 170 F.3d at 1381 ("[T]he law is well settled that the pendency of an appeal has no effect on the finality or binding effect of a trial court's holding. That rule is applicable to holdings of patent invalidity as well." (internal citations omitted)).

4

Texas and that "the patentee had both fair opportunity and incentive to litigate the validity issue in the first litigation." *DietGoal Innovations LLC v. Time, Inc.*, No. 13-CV-8381 (PAE), 2014 WL 3892965, at *1 (S.D.N.Y. Aug. 8, 2014) (quoting *Sampson v. Ampex Corp.*, 478 F.2d 339, 341 (2d Cir. 1973)). Finally, the Northern District of Texas's conclusion that Plaintiff's patent claims were invalid under 35 U.S.C. § 101 was the basis – and, therefore, a necessary part – of the decision to dismiss Plaintiff's claims with prejudice. Chegg, therefore, "may reap the benefit of th[is] invalidity decision under the principles of collateral estoppel." *Purdue Pharma L.P.*, 2004 WL 1444883, at *2.

For these reasons, Plaintiff's claims against Chegg are collaterally estopped and must be dismissed. The Clerk of Court is respectfully directed to terminate the motion pending at docket entry 24 and close the case number 18-CV-10262 against Chegg.

Dated:  January 13, 2020
        New York, New York

                                                    _____
                                                    RONNIE ABRAMS
                                                    United States District Judge

5